William L. Haluck, Esq. (SBN 80146)
Zachary Schwartz, Esq. (SBN 286498)
Koeller, Nebeker, Carlson & Haluck, LLP
3 Park Plaza, Suite 1500
Irvine, CA 92614-8558
949-864-3400; fax: 949-864-9000
Zachary.schwartz@knchlaw.com

Attorneys for Defendant, COUNTY OF ORANGE

# UNITED STATES DISTRICT COUNTY

# CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| JAMES SPRING,<br><br>        Plaintiff,<br><br>v.<br><br>COUNTY OF ORANGE and DOES 1 through 20, Inclusive,<br><br>        Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1367, 1441 AND 1446** |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendant, COUNTY OF ORANGE, by and through undersigned counsel, hereby removes the above entitled action from the Superior Court of the State of California for the County of Orange to the United States District Court for the Central District of California pursuant to 28 U.S.C. Sections 1331, 1367, 1441 and 1446. In support of such removal, Defendant County of Orange states the following:

## THE STATE COURT ACTION

1.      County of Orange is the sole Defendant in a civil action pending against it in Orange County Superior Court, entitled *James Spring v. County of Orange and DOES 1 through 20*, Case number 30-2020-01164654-CU-PO-CJC.

2.   County of Orange was served with the Complaint on October 21, 2020. Attached hereto as **Exhibit 'A'** is a true and correct copy of the Summons and Complaint for this action.

3.   Plaintiff and Defendant filed a stipulation on November 19, 2020 extending Defendant's time to respond to the complaint after Plaintiff and Defendant had a Meet and Confer Conference regarding Defendant's proposed demurrer to Plaintiff's Complaint. Attached hereto as **Exhibit 'B'** is a true and correct copy of the stipulation extending Defendant's time to respond to the complaint.

4.   County of Orange was served with the First Amended Complaint ("FAC") on December 4, 2020. Attached hereto as **Exhibit 'C'** is a true and correct copy of the FAC. The FAC added new federal claims pursuant to 42 U.S.C. § 1983.

5.   Venue is proper in this court because the boundaries of the United States District Court for the Central District of California – Southern Division, pursuant to 28 U.S.C. § 84(c)(3) comprises Orange County.

6.   Following the filing of this Notice of Removal of Action, written notice of this filing will be served on Plaintiff and will be filed with the clerk of the Superior Court of California for the County of Orange, in accordance with 28 U.S.C. § 1446(d).

## **JURISDICTION**

7.   This action is a civil action of which this Court has both original jurisdiction on the basis of federal question jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367. The entire matter may be removed to this Court by Defendant County of Orange pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446.

8.   Pursuant to 28 U.S.C. § 1446(b)(3), "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended

2

NOTICE OF REMOVAL

004.589:412221v1

pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

9.     Per Exhibit A, Plaintiff's initial Complaint did not raise a federal question.

10.     Per Exhibit C, Plaintiff's FAC alleged actions arising under federal law and the federal Constitution. This includes claims arising under 42 U.S.C. § 1983; U.S. Const. Amend. VIII; U.S. Const. Amend. IVX; and municipal liability for federal Constitutional violations under a *Monell* theory of liability.

9.     Defendant County of Orange first ascertained that the case had become removable after Plaintiff filed and served the FAC on December 4, 2020 and has filed this action for removal within thirty days, pursuant to 28 U.S.C. § 1446(b)(3).

10.     Per Exhibit C, Plaintiff's FAC also contained state law causes of action, including a California state law claim for negligence, battery and a violation of Cal. Civ. Code § 52.1. Plaintiff's state law causes of action relate to the same events as the federal question causes of action.

11.     Pursuant to 28 U.S.C. § 1367(a) "any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

12.     Based on the foregoing, the matter is removable pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

NOTICE OF REMOVAL

004.589:412221v1

WHEREFORE, the undersigned requests that the action described above be removed in its entirety to this Court for all further proceedings pursuant to 28 U.S.C. § 1441, et seq.

DATED:  December 30, 2020

Koeller, Nebeker, Carlson & Haluck, LLP

*/s/ Zachary M. Schwartz*_____

William L. Haluck, Esq.
Zachary Schwartz, Esq.
Attorneys for Defendant,
COUNTY OF ORANGE

004.589:412221v1

4

NOTICE OF REMOVAL

# EXHIBIT A

# EXHIBIT A

# EXHIBIT A

Electronically Filed by Superior Court of California, County of Orange, 10/09/2020 05:04:44 PM.
30-2020-01164654-CU-PO-CJC - ROA # 4 - DAVID H. YAMASAKI, Clerk of the Court By Randi Baker, Deputy Clerk.

M20-819

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

2020 OCT 21 PH 3: 22

CLE
BOARD OF SUPERVISORS

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

THE COUNTY OF ORANGE; and DOES 1 through 50, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JAMES SPRING, an individual.

HAND DELIVERED OVER THE COUNTER

Initial _____   Date   10 - 21 - 20

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

CASE NUMBER: *(Número del Caso):*
30-2020-01164654-CU-PO-CJC

Judge Melissa R. McCormick

Central Justice Center - 700 W Civic Center Drive     Santa Ana, California 92701

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael Cefali (State Bar No. 314278) & Courtney Cummings (State Bar No. 318671) Cefali & Cefali - 32158 Camino Capistrano, Suite 207 San Juan Capistrano, California 92675. Phone No.: 877 423 3254

DATE:     10/09/2020          DAVID H. YAMASAKI, Clerk of the Court          Clerk, by _____ Randi Baker , Deputy
*(Fecha)*                                                                     *(Secretario)*                    *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [X] on behalf of (specify): The County of Orange

   under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
          [X] other *(specify):* Form Unknown

4. [ ] by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

For your protection and privacy, please press the Clear This Form button after you have printed the form.     [ Print this form ]  [ Save this form ]     [ Clear this form ]

Electronically Filed by Superior Court of California, County of Orange, 10/09/2020 05:04:44 PM.
30-2020-01164654-CU-PO-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Randi Baker, Deputy Clerk.

MICHAEL J. CEFALI (State Bar No. 314278)
COURTNEY L. CUMMINGS (State Bar No. 318671)
CEFALI & CEFALI
32158 Camino Capistrano, Suite 207
San Juan Capistrano, California 92675
Email: Mike@callcefali.com
Telephone: (877) 423 3254
Facsimile: (949) 203 3332

Attorneys for Plaintiff,

JAMES SPRING

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ORANGE

JAMES SPRING, an individual,

Plaintiff,

v.

THE COUNTY OF ORANGE; and,
DOES 1 through 50, inclusive.

Defendants.

Assigned for all purposes

Judge Melissa R. McCormick

CASE NO.: 30-2020-01164654-CU-PO-CJC

[UNLIMITED] CIVIL COMPLAINT FOR DAMAGES

1. NEGLIGENCE

[DEMAND FOR JURY TRIAL]

JAMES SPRING (hereafter "PLAINTIFF") alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters, against the COUNTY ORANGE and Does 1 through 50 (hereafter referenced collectively as "DEFENDANTS") and alleges as follows.

1

COMPLAINT FOR DAMAGES

## INTRODUCTION

1. PLAINTIFF is a 59 year old male. On September 4, 2019, he was in the custody of DEFENDANT, COUNTY OF ORANGE, at the Orange County Jail. PLATINIFF was held at the Theo Lacy Jail Facility. PLAINTIFF was brought into custody at the Theo Lack Jail Facility after the COUNTY OF ORANGE, through its agent the Orange County Sheriff's Department, executed a warrant for his arrest.

2. During the booking process of PLAINTIFF at the Theo Lacy Jail, PLAINTIFF revealed that he suffered from serious medical issues and was unable to perform work at the Theo Lacy Jail Facility. PLAINTIFF was unable to perform any physical labor or lifting. PLAINTIFF's physical limitations and injuries were known to DEFENDANTS.

3. While at the Theo Lacy Jail Facility, and under the custody and control of the Orange County Sheriff's Department and the COUNTY OF ORANGE, PLAINITFF was told that he needed to perform physical labor. PLAINTIFF again notified DEFENDANTS that he was unable to perform such labor but was forced to do so. While performing mandatory work, PLAINTIFF suffered serious injuries as a result of being forced to perform work.

4. DEFENDANTS were unable to properly manage PLAINTIFF's injuries at the Orange County Jail. PLAINTIFF was then brought to the Anaheim Global Medical Center in Anaheim, California.

5. As a result of DEFENDANTS's actions, PLAINTIFF was forced to undergo emergency surgery in order to repair and reduce his hernia. PLAINTIFF continues to experience, physical and mental, permanent pain and suffering.

## JURISDICTION & LIABILITY OF COUNTY DEFENDANTS

6. Jurisdiction and venue in this county and division is proper because the events giving rise to each and every of the following causes of action, which are described below, occurred within the judicial district in the State of California, County of Orange, City of Orange. Furthermore, the relief sought through this complaint is within the jurisdiction of this Court because the damages are more than $25,000.

7. Venue in this Court is also proper because DEFENDANTS, and each of them, operate almost exclusively within the County of Orange within the State of California.

8. On February 28, 2020, PLAINTIFF filed a government claim against the DEFENDANTS pursuant to Government Code Sections 905 and 910.

9. On June 1, 2020, DEFENDANTS rejected PLAINTIFF's claim. PLAINTIFF brings this complaint within 6 months of DEFENDANTS' rejection.

## PARTIES

10. PLAINTIFF is and was at all times mentioned herein, a resident of the County of Orange County within the State of California.

3

COMPLAINT FOR DAMAGES

11. PLAINTIFF is informed and believes, and on this basis alleges that at all times herein mentioned DEFENDANTS and DOES 1 through 25 were and are municipalities, government agencies, municipal corporations, or state corporations authorized to function as a County pursuant to the laws of the State of California and are responsible for following the laws, codes, and statutes as imposed by the California Government Code and California law, including California Government Code sections 815.2.

12. PLAINTIFF is informed and believes and on this basis alleges that the ORANGE COUNTY SHERIFF'S DEPARTMENT AND THE ORANGE COUNTY THEO LACY JAIL FACILITY and DOES 26 through 50 are agencies of the COUNTY OF ORANGE in charge of operating, managing, and supervising the Theo Lacy Jail Facility in Orange County, California.

13. PLAINTIFF is informed and believes that DOES 26 through 50 were and are employees and/or agents of the COUNTY OF ORANGE and the ORANGE COUNTY SHERIFF's DEPARTMENT, THEO LACY JAIL FACILITY acts by way of the exclusive control of the COUNTY of ORANGE. Does 1 through 25 were acting within the scope of their employment and/or agency.

14. At the time of this incident, DEFENDANT COUNTY OF ORANGE exercised exclusive control, ownership, and oversight of the ORANGE COUNTY SHERIFF'S DEPARTMENT and the Orange County Jail Facilities, including THEO LACY JAIL FACILITY.

4
COMPLAINT FOR DAMAGES

15. At all said times each DEFENDANT was the agent or implied agent of each other DEFENDANT, and was acting within the course and scope of that agency. DEFENDANT remains responsible for agents, servants, employees acting within the course, scope, authority of the agency, employment, and that each and every DEFENDANT, when acting as a principal was negligence in the selection and hiring of each and every other DEFENDANT as an agent, employee and/or joint venture.

## CAUSE OF ACTION NO. 1
## NEGLIGENCE - CALIFORNIA GOVERNMENT CODE 815.2
### (Against all DEFENDANTS)

16. PLAINTIFF realleges and incorporates by reference each paragraph above as though fully set forth herein.

17. During all periods of time during which PLAINTIFF under the custody and control of DEFENDANTS at the THEOY LACY JAIL facility, and each of them, DEFENDANTS had the duty to protect PLAINTIFF from foreseeable risks of bodily injury and harm.

18. DEFENDANTS, and each of them, undertook individually and by and through their agents, servants, and employees to protect PLAINTIFF from harm while under DEFENDANTS custody and control.

19. DEFENDANTS, individually and collectively, independently and through their agents, servants and employees, failed to protect PLAINTIFF when DEFENDANTS required that PLAINTIFF perform physical labor after being on

5
COMPLAINT FOR DAMAGES

notice of PLAINTIFF's serious physical limitation. Due to PLAINTIFF's status as an inmate within the Orange County Theo Lacy facility, PLAINTIFF did not have the ability to object or to or reject the DEFENDANTS' orders.

20. DEFENDANTS, individually and collectively, independently and through their agents, servants and employees, acted unreasonably when DEFENDANTS required PLAINTIFF to perform physical labor after being on notice that he suffered from a physical limitation that prevented him from doing so.

21. After DEFENDANTS required that PLANITIFF perform this physical labor, PLAINTIFF suffered a serious, physical injury. DEFENDANTS attempted to treat PLAINTIFF's injuries within the THEO LACY JAIL FACILITY, but were unable to manage his pain. DEFENDANTS prolonged PLAINTIFF's pain and suffering as they delayed his transfer to Anaheim Global Medical Center in Anaheim, California without any justification.

22. DEFENDANTS failed to provide adequate medical care at the THEO LACY JAIL FACILITY. DEFENDANTS failed to recognize that the appropriate medical care could not be accommodated for at the THEO LACY JAIL FACILITY.

23. PLAINTIFF then underwent emergency surgery in order to repair his strangulated right inguinal hernia that was strangulated as a result of PLAINTIFF being forced to perform physical labor.

24. As a direct and proximate result of the aforesaid carelessness and negligence of DEEFENDANTS, and each of them, PLAINTIFF was forced to undergo this

6

surgery. DEFENDANT continues to have permanent damage to his groin as a result of this injury.

25. PLAINTIFF has been generally damaged in a sum in excess of the minimum jurisdictional limits of this Court. PLAINTIFF's damages exceed $25,000.00

## PRAYER FOR RELIEF

PLAINTIFF prays for judgment against DEFENDANTS and each of them for the following damages. The relief requested is more than $25,000 in an amount to be proven at trial. PLATINIFF prays for the following relief:

    A. For all non-economic damages, or general damages, according to proof;

    B. For all economic damages, according to proof;

    C. For all medical and incidental expenses according to proof;

    D. For loss of earnings and earning capacity according to proof;

    E. Pre and post-judgment interest as allowed by law;

    F. Incurred costs of this suit;

    G. For such other and further relief as this Court deems just and proper.

Dated:   October 8, 2020                   Respectfully Submitted,

By: _____
         MICHAEL J. CEFALI,
         COURTNEY L. CUMMINGS
         CEFALI & CEFALI
         Attorneys for Plaintiff,
         **JAMES SPRING**

7

COMPLAINT FOR DAMAGES

## DEMAND FOR JURY TRIAL

PLAINTIFF demands trial by jury on all issues which it is permitted by law.

Dated: October 8, 2020

Respectfully Submitted,

By: _____
MICHAEL J. CEFALI,
COURTNEY L. CUMMINGS
CEFALI & CEFALI
Attorneys for Plaintiff,
**JAMES SPRING**

8
COMPLAINT FOR DAMAGES

| | | |
|---|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): James W. Cefali Esq. SBN 122848 / David W. Cefali SBN 278502 David Aminian / Ryan Isackila SBN 318671<br>CEFALI & CEFALI<br>32158 Camino Capistrano - Suite 207 San Juan Capistrano, CA 92675 | | FOR COURT USE ONLY<br>Electronically Filed by Superior Court of California, County of Orange, 10/09/2020 05:04:44 PM.<br>30-2020-01164654-CU-PO-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Randi Baker, Deputy Clerk. |
| TELEPHONE NO.: 877 423 3254 | FAX NO. (Optional): 949 203 3332 | |
| ATTORNEY FOR (Name): JAMES SPRING | | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 W Civic Center Drive
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, California 92701
BRANCH NAME: CENTRAL JUSTICE CENTER

CASE NAME:
JAMES SPRING, an Individual v. THE COUNTY OF ORANGE; and DOES 1 through 50 inclusive.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 30-2020-01164654-CU-PO-CJC |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: Judge Melissa R. McCormick<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1.  Check **one** box below for the case type that best describes this case:

    **Auto Tort**
    [ ] Auto (22)
    [ ] Uninsured motorist (46)
    **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
    [ ] Asbestos (04)
    [ ] Product liability (24)
    [ ] Medical malpractice (45)
    [x] Other PI/PD/WD (23)
    **Non-PI/PD/WD (Other) Tort**
    [ ] Business tort/unfair business practice (07)
    [ ] Civil rights (08)
    [ ] Defamation (13)
    [ ] Fraud (16)
    [ ] Intellectual property (19)
    [ ] Professional negligence (25)
    [ ] Other non-PI/PD/WD tort (35)
    **Employment**
    [ ] Wrongful termination (36)
    [ ] Other employment (15)

    **Contract**
    [ ] Breach of contract/warranty (06)
    [ ] Rule 3.740 collections (09)
    [ ] Other collections (09)
    [ ] Insurance coverage (18)
    [ ] Other contract (37)
    **Real Property**
    [ ] Eminent domain/Inverse condemnation (14)
    [ ] Wrongful eviction (33)
    [ ] Other real property (26)
    **Unlawful Detainer**
    [ ] Commercial (31)
    [ ] Residential (32)
    [ ] Drugs (38)
    **Judicial Review**
    [ ] Asset forfeiture (05)
    [ ] Petition re: arbitration award (11)
    [ ] Writ of mandate (02)
    [ ] Other judicial review (39)

    **Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
    [ ] Antitrust/Trade regulation (03)
    [ ] Construction defect (10)
    [ ] Mass tort (40)
    [ ] Securities litigation (28)
    [ ] Environmental/Toxic tort (30)
    [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
    **Enforcement of Judgment**
    [ ] Enforcement of judgment (20)
    **Miscellaneous Civil Complaint**
    [ ] RICO (27)
    [ ] Other complaint (not specified above) (42)
    **Miscellaneous Civil Petition**
    [ ] Partnership and corporate governance (21)
    [ ] Other petition (not specified above) (43)

2.  This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
    a. [ ] Large number of separately represented parties
    b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
    c. [ ] Substantial amount of documentary evidence
    d. [ ] Large number of witnesses
    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
    f. [ ] Substantial postjudgment judicial supervision

3.  Remedies sought (check all that apply): a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4.  Number of causes of action (specify): One cause of action - negligence.
5.  This case [ ] is [x] is not a class action suit.
6.  If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: October 8 2020

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
*   Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
*   File this cover sheet in addition to any cover sheet required by local court rule.
*   If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
*   Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                                    CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-
        domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
        harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]                    **CIVIL CASE COVER SHEET**                                Page 2 of 2

For your protection and privacy, please press the Clear

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):

Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any   court   staff responsible for providing parties with assistance regarding ADR.

(3) Information about the availability of local dispute resolution   programs   funded under the Dispute Resolutions Program Act   (DRPA),   in   counties   that   are participating in the DRPA. This information may take the form of a list of   the applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its website as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

L1200 Rev. Dec. 2019

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

### ADR Information

Introduction.

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

BENEFITS OF ADR.

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

Save Time. A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

Save Money. When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

Increase Control Over the Process and the Outcome. In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

Preserve Relationships. ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

Increase Satisfaction. In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

Improve Attorney-Client Relationships. Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

DISADVANTAGES OF ADR.

ADR may not be suitable for every dispute.

Loss of protections. If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

Less discovery. There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

Additional costs. The neutral may charge a fee for his or her services. If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

Effect of delays if the dispute is not resolved. Lawsuits must be brought within specified periods of time, known as statues of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

TYPES OF ADR IN CIVIL CASES.

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

Arbitration. In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." Binding arbitration means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. Nonbinding arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

   Cases for Which Arbitration May Be Appropriate. Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

   Cases for Which Arbitration May Not Be Appropriate. If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

Mediation. In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

   Cases for Which Mediation May Be Appropriate. Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

   Cases for Which Mediation May Not Be Appropriate. Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

Neutral Evaluation. In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

Cases for Which Neutral Evaluation May Be Appropriate. Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

Cases for Which Neutral Evaluation May Not Be Appropriate. Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

Settlement Conferences. Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

ADDITIONAL INFORMATION.

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, at 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the telephone directories under "Arbitrators" or "Mediators"

Low cost mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA). For information regarding DRPA, contact:
- OC Human Relations (714) 480-6575, mediator@ochumanrelations.org
- Waymakers (949) 250-4058

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early Neutral Evaluation (ENE). For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session. For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session. Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) programs is available on the Court's website at www.occourts.org.

| ATTORNEY OR PARTY WITHOUT ATTORNEY:    STATE BAR NO.:<br>NAME:<br>FIRM NAME:<br>STREET ADDRESS:<br>CITY:                          STATE:            ZIP CODE:<br>TELEPHONE NO.:                 FAX NO.:<br>E-MAIL ADDRESS:<br>ATTORNEY FOR (name): | FOR COURT USE ONLY<br><br>For your protection and privacy, please press the Clear This Form button after you are done printing this form. |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>JUSTICE CENTER:<br>☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045<br>☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512<br>☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595<br>☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500<br>☐ West – 8141 13ᵗʰ Street, Westminster, CA 92683-4593 | |
| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | |
| ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION | CASE NUMBER: |

Plaintiff(s)/Petitioner(s), _____

_____

and  defendant(s)/respondent(s), _____

_____

agree to the following dispute resolution process:

☐ Mediation

☐ Arbitration (must specify code)
        ☐ Under section 1141.11 of the Code of Civil Procedure
        ☐ Under section 1280 of the Code of Civil Procedure

☐ Neutral Case Evaluation

The ADR process must be completed no later than 90 days after the date of this Stipulation or the date the case was referred, whichever is sooner.

☐ I have an Order on Court Fee Waiver (FW-003) on file, and the selected ADR Neutral(s) are eligible to provide pro bono services.

☐ The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals. We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court, rule 3.720 et seq.

Date: _____   _____    _____
                 (SIGNATURE OF PLAINTIFF OR ATTORNEY)    (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date: _____   _____    _____
                 (SIGNATURE OF DEFENDANT OR ATTORNEY)   (SIGNATURE OF DEFENDANT OR ATTORNEY)

ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION

Approved for Optional Use
L1270 (Rev. March 2019)

California Rules of Court, rule 3.221

# EXHIBIT B

# EXHIBIT B

# EXHIBIT B

Electronically Filed by Superior Court of California, County of Orange, 11/19/2020 02:04:00 PM.
30-2020-01164654-CU-PO-CJC - ROA # 12 - DAVID H. YAMASAKI, Clerk of the Court By Ann Dang, Deputy Clerk.
Case 8:20-cv-02438-JLS-DFM   Document 1   Filed 12/30/20   Page 23 of 45   Page ID
#:23

William L. Haluck, Esq. (SBN 80146)
Zachary Schwartz, Esq. (SBN 286498)
Koeller, Nebeker, Carlson & Haluck, LLP
3 Park Plaza, Suite 1500
Irvine, CA 92614-8558
949-864-3400; fax: 949-864-9000
Zachary.schwartz@knchlaw.com

Attorneys for Defendant, COUNTY OF ORANGE

**[Exempt from Filing Fee per *Government Code* §6103]**

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ORANGE

| | |
|---|---|
| JAMES SPRING,<br><br>    Plaintiff,<br><br>v.<br><br>THE COUNTY OF ORANGE and DOES 1<br>through 50, Inclusive,<br><br>    Defendants. | Case No. 30-2020-01164654-CU-PO-CJC<br>Assigned for All Purposes to:<br>Judge Melissa R. McCormick<br>Dept. C13<br><br>**PARTIES' JOINT STIPULATION<br>EXTENDING TIME FOR DEFENDANT<br>TO RESPOND TO COMPLAINT PER<br>RULE OF COURT 3.110 (d)**<br><br>Current Response Date: 11/20/2020<br>New Response Date:  12/5/2020<br><br>Action Date:  10/9/20<br>Trial Date:   7/11/22 |

**TO THE HONORABLE COURT:**

 **COME NOW** Plaintiff JAMES SPRING ("Plaintiff") and Defendant COUNTY OF ORANGE and ("Defendant") (collectively "Parties"), by and through their counsel, and hereby stipulate as follows:

 1. Plaintiff filed his original complaint on October 9, 2020.

 2. Plaintiff served Defendant on October 21, 2020.

 3. The Defendant's current response deadline is November 20, 2020.

 4. Counsel for the Parties have started a meet and confer process pursuant to *Code of Civil Procedure* § 430.41 regarding a planned demurrer and the Plaintiff desires to file an

1

004.589:410047v1

JOINT STIPULATION EXTENDING TIME FOR DEFENDANT TO RESPOND TO COMPLAINT

amended complaint.

5.     Per *Rule of Court* 3.110, sub. (d), the Parties hereby stipulate to one 15-day extension for Defendant to respond to the Complaint, which will allow Plaintiff time to file an amended complaint. No leave of Court is required for the extension.

6.     Therefore, the Parties hereby stipulate and agree that Defendant shall have until December 5, 2020 to file a response to the Complaint.

**IT IS SO STIPULATED.**

DATED:  November 19, 2020                    Koeller, Nebeker, Carlson & Haluck, LLP

                                                            */s/ Zachary M. Schwartz*

                                                            William L. Haluck, Esq.
                                                            Zachary Schwartz, Esq.
                                                            Attorneys for Defendant,
                                                            COUNTY OF ORANGE

DATED:  November 19, 2020                    CEFALI & CEFALI

                                                            */s/ Courtney L. Cummings*

                                                            Michael J. Cefali, Esq.
                                                            Courtney L. Cummings, Esq.
                                                            Attorneys for Plaintiff,
                                                            JAMES SPRING

004.589:410047v1

JOINT STIPULATION EXTENDING TIME FOR DEFENDANT TO RESPOND TO COMPLAINT

# EXHIBIT C

# EXHIBIT C

# EXHIBIT C

MICHAEL J. CEFALI (State Bar No. 314278)
COURTNEY L. CUMMINGS (State Bar No. 318671)
CEFALI & CEFALI
32158 Camino Capistrano, Suite 207
San Juan Capistrano, California 92675
Email: Mike@callcefali.com
Telephone: (877) 423 3254
Facsimile: (949) 203 3332

JERRY. L. STEERING (State Bar No. 122509)
LAW OFFICE OF JERRY L. STEERING
4063 Birch Street – Suite 100
Newport Beach, California 92660
Email: JerrySteering@yahoo.com
Telephone: (949) 474-1849
Facsimile: (949) 474-1883
Attorneys for plaintiff James Spring

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ORANGE

| | |
|---|---|
| JAMES SPRING,<br><br>        Plaintiff,<br><br>    v.<br><br>COUNTY OF ORANGE and DOES 1 through 20, inclusive,<br><br>        Defendants. | CASE NO.: 30-2020-01164654-CU-PO-CJC<br><br>VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS UNDER COLOR OF STATE LAW [42 U.S.C. § 1983]; VIOLATION OF RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT [U.S. CONST. AMEND. VIII]; VIOLATION OF RIGHT TO BE FREE FROM CONSCIENCE-SHOCKING GOVERNMENT ACTIONS / SUBSTANTIVE DUE PROCESS [U.S. CONST. AMEND. IVX]; MUNICIPAL LIABILITY FOR FEDERAL CONSTITUITIONAL VIOLATIONS [*MONELL*[1] LIABILITY] and CALIFORNIA STATE LAW CLAIMS FOR NEGLIGENCE, BATTERY and VIOLATION OF CAL. CIVIL CODE § 52.1 [UNLIMITED JURISDICTION CIVIL CASE]<br><br>[DEMAND FOR JURY TRIAL] |

_____

[1] *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

1

FIRST AMENDED COMPLAINT FOR DAMAGES

**COMES NOW** plaintiff James Spring (hereafter referred to as "JAMES SPRING ", "SPRING" or "PLAINTIFF") and shows this Honorable Court the following:

**JURISDICTIONAL ALLEGATIONS**

1. As the incidents complained of in this action occurred in the City of Orange, County of Orange, State of California, within the territorial jurisdictional of this Court, jurisdiction properly lies in this Court.

2. On February 28, 2020, plaintiff filed his Government Claim for Damages with the County of Orange, complaining of the very same incidents complained of in this action.

3. On June 1, 2020, defendant County of Orange rejected PLAINTIFF's Government Claim for Damages.

**GENERAL ALLEGATIONS**

4. Plaintiff James Spring is a natural person, who, at all times, complained of in this action resided in the County of Orange and in the State of California.

5. Defendant County of Orange, is a municipality entity located within the State of California, and within the territorial jurisdiction of this Honorable Court.

6. Defendants DOES 1 through 10, inclusive, are sworn peace officers and/or deputy sheriffs and/or supervisors and/or investigators and/ Special Officers and/or a dispatchers and/or some other public officer, public official or employee of defendant County Of Orange, who in some way committed some or all of the tortious actions (and constitutional violations) complained of in this action, and/or are otherwise responsible for and liable to plaintiff James Spring for the acts complained of in this action, whose identities are, and remain unknown to plaintiff, who will amend his complaint to add and to show the actual names of said DOE defendants when ascertained by plaintiff.

2

FIRST AMENDED COMPLAINT FOR DAMAGES

7. At all times complained of herein, DOES 1 through 5, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority and job duties as nurses, physicians and other jail staff members, who deal with the physical well being and the healthcare for inmates at the Orange County Sheriff's Department's Theo Lacy Jail Facility, and were acting in the course of and within the scope of their employment with defendant County of Orange.

8. At all times complained of herein, DOES 6 through 10, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as sworn peace officers and/or deputy sheriffs and/or Special Officers and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or dispatchers, employed by defendant County of Orange and/or some other public entity, and were acting in the course of and within the scope of their employment with defendant County of Orange.

9. Defendants DOES 11 through 20, inclusive, are sworn peace officers and/or Supervisors and/or Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or Detectives and/or other Supervisory personnel (such as) and/or policy making and/or final policy making officials, employed by the County of Orange and/or some other public entity, who are in some substantial way liable and responsible for, or otherwise proximately caused and/or contributed to the occurrences complained of by plaintiff in this action, such as via supervisory liability (i.e. failure to properly supervise, improperly directing subordinate officers, approving actions of subordinate officers), via bystander liability (failing to intervene in and stop unlawful actions of their subordinates and/or other officers), and such as by creating and/or causing the creation of and/or contributing to the creation of the policies and/or practices and/or customs and/or usages of the County of Orange.

FIRST AMENDED COMPLAINT FOR DAMAGES

10. At all times complained of herein, DOES 1 through 20, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as police officers and/or deputy sheriffs and/or Supervisory Officers, Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials, employed by the County of Orange, and/or some other public official(s) with the County of Orange, and were acting in the course of and within the scope of their employment with defendant County of Orange.

11. At all times complained of herein, defendants DOES 11 through 20, inclusive, were acting as individual persons under the color of state law; under and pursuant to their status and authority as peace officers and/or Supervisory peace officers (as described herein, above and below), and/or policy making peace officers, with defendant County of Orange.

12. Moreover, at all times complained of herein, defendants DOES 1 through 20, inclusive, were acting pursuant to, or otherwise contributed to the creation and maintenance of, the customs, policies, usages and practices of the County of Orange for 1) using excessive / unreasonable force upon inmates at the Orange County Jails, 2) for punishing / torturing inmates at the Orange County Jails, including using handcuffs to inflict great physical injury, and physical, mental and emotional distress, pain and suffering.

13. In addition to the above and foregoing, defendants DOES 1 through 10, inclusive, acted pursuant to a conspiracy, agreement and understanding and common plan and scheme to deprive plaintiff of his federal Constitutional and statutory rights, and his California state law common law and Constitutional rights, as complained of below in this action, and acted in joint and concerted action to so deprive plaintiff of those rights as complained of herein; all in

4
FIRST AMENDED COMPLAINT FOR DAMAGES

violation of 42 U.S.C. § 1983, and otherwise in violation of United States (Constitutional and statutory) law and in violation of California state law.

## FIRST CAUSE OF ACTION
### NEGLIGENCE
**[California State Claim]**
**[Against DOES 1 through 10, inclusive]**

14. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 10, inclusive, above, as set forth in full herein.

15. On September 2, 2019, plaintiff was an inmate serving a sentence pursuant to a judgment of conviction, at the Orange County Sheriff's Department Theo Lacy Jail Facility.

16. Plaintiff was provided a medical examination by the Jail Medical Staff after he complained of severe pain to his groin. This pain was diagnosed by the Jail Medical Staff as a severe hernia by the Orange County Jail medical staff, and, pursuant to that diagnosis, the jail staff placed plaintiff on no-work status, which excused and prohibited him from performing work for the Orange County Jail, while he was an inmate at the Jail.

17. Thereafter, within the Orange County Jail computer system (and the other information system(s) at the Jail) that keeps track of an inmate's physical condition and limitations while incarcerated at the jail, it was documented by the Orange County Jail medical staff[2] that plaintiff should not be required to perform work while incarcerated at the Jail, due his physical and medical limitations.

18. However, following said examination of the plaintiff and the discovery (by the jail) of his severe hernia condition, DOES 1 through 5, inclusive, failed to provide plaintiff with a "chrono-slip" that prohibiting / excused him from working at the jail while he was an inmate in said jail; something that DOES 1

---

[2] And/or some other Jail / Sheriff's Department personnel.

FIRST AMENDED COMPLAINT FOR DAMAGES

through 5, inclusive, were required to do pursuant to Orange County Jail policies, customs, usages and procedures.

19. A "chrono-slip" is a paper form generated by the Orange County Jail staff medical (and/or other jail personnel), that is supposed to be given to an inmate of the jail to be carried by any such inmates, to outline approved work-programs and medical limitations for inmates at the jail. DOES 1 through 5, inclusive, failed to provide plaintiff with such documentation (a "chrono-slip") evidencing his medical conditions, physical limitations, and inability to work.

20. Thereafter, DOES 6 through 10, inclusive, contacted the plaintiff in the jail and commanded him to perform physical labor in the kitchen of the Theo Lacy Jail Facility.

21. Plaintiff told DOES 6 through 10, inclusive, that he had a physical limitation, a severe hernia, that prevented him from working.

22. DOES 6 through 10, inclusive, forced plaintiff to perform physical labor, within the Theo Lacy Jail Facility.

23. While plaintiff was working at the kitchen of the Theo Lacy Jail Facility, he became badly injured from lifting heaving objects and from otherwise performing the regular and usual tasks performed by persons working in the kitchen of the Theo Lacy Jail Facility.

24. Thereafter, on or about September 2, 2019, after being injured from working at the Theo Lacy Jail Facility kitchen, plaintiff complained of terrible and severe pain from the injury that he suffered from working at the jail kitchen.

25. Plaintiff was thereafter medically examined at the Jail. That medical examination revealed that plaintiff had suffered from severe groin pain, a large bulge in the right groin, a serious inguinal hernia, and other medical injuries, problem and limitations.

6
FIRST AMENDED COMPLAINT FOR DAMAGES

26. The work that the plaintiff was ordered by the Theo Lacy Jail Facility staff to perform, kitchen labor, including lifting heavy items, caused the plaintiff to suffer a severe rupture of his intestines, and thereby caused plaintiff to suffer that inguinal hernia; a severe, dangerous and very painful injury.

27. Plaintiff begged the jail staff, including DOES 6 through 10, inclusive,

28. Plaintiff was thereafter transported to Anaheim Global Medical Center in Anaheim, California, where he was forced to undergo surgery. Plaintiff suffered serious, severe and permanent injuries as a result of that surgery, including the loss of feeling / sensation in his penis.

29. Defendant DOES 1 through 5, inclusive, and DOES 6 through 10, inclusive, and each of them, owed plaintiff a duty to use care regarding the safety and wellbeing of his person.

30. Defendant DOES 1 through 5, inclusive, breached their duty of care to plaintiff by failing to provide him with a "chrono-slip", that would have corroborated to DOES 5 through 10, inclusive, that plaintiff was not to work at the jail at all, including not working in the jail kitchen.

31. DOES 5 through 10, inclusive, breached their duty of care to plaintiff when they required the plaintiff work in the jail kitchen, despite actual and/or constructive knowledge that he had a medical issue that prevented him from doing so. Plaintiff told them that he had a severe hernia condition, that he was on work-restriction and was not able to work in the kitchen or at all at the jail.

32. Rather than check with the jail's medical staff, or look in the jail information system that would have shown DOES 5 through 10, inclusive, that plaintiff was on work restriction, defendants ignored plaintiff's request not to work in the kitchen, and forced him to do so.

7

FIRST AMENDED COMPLAINT FOR DAMAGES

33. Defendant DOES 1 through 5, inclusive, and each of them, are liable to plaintiff for their battery of him pursuant to Cal. Civil Code § 1714, Cal. Gov't Code §§ 815.2(a), 815.6, 820, 820.4, and 820.8, and otherwise pursuant to the common law.

34. As a direct and proximate result of DOES 1 through 5, inclusive's, and DOES 6 through 10, inclusive's, actions / breach of duty of care that they owed to the plaintiff, plaintiff was: (1) substantially physically, mentally and emotionally injured, and suffered great physical, mental and emotional injury, distress, pain and suffering; (2) incurred medical costs, bills, and expenses; and (3) incurred other special and general damages and expenses, in an amount to be proven at trial.

## SECOND CAUSE OF ACTION
### BATTERY
**[California State Claim]**
**[Against DOES 6 through 10, inclusive]**

35. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 34, inclusive, above, as set forth in full herein.

36. As shown above, DOES 5 through 10, inclusive, breached their duty of care to plaintiff when they required the plaintiff work in the jail kitchen, despite actual and/or constructive knowledge that he had a medical issue that prevented him from doing so.

37. When defendants DOES 5 through 10, inclusive, ordered the plaintiff to work in the jail kitchen, he refused to do so; claiming that he was unable to work due to his hernia condition, and, that this could be confirmed with the jail's medical staff or otherwise in the jail information system.

38. Defendant DOES 6 through 10, inclusive, and each of them, told the plaintiff that he was nonetheless going to work in the jail kitchen, and they grabbed and

8

FIRST AMENDED COMPLAINT FOR DAMAGES

shoved the plaintiff in a violent, rude, insolent and unreasonably forceful manner to make him to go to work

39. Said touching of the plaintiff to detain him and forcefully requiring him to work and this touching constituted unjustified non-consensual use of unlawful force and violence upon plaintiff and constituted a battery of him by DOES 6 through 10, inclusive, under California State Law.

40. Defendant DOES 6 through 10, inclusive, and each of them, are liable to plaintiff for their battery of him pursuant to Cal. Gov't Code §§ 815.2(a), 815.6, 820, 820.4, and 820.8, and otherwise pursuant to the common law.

41. As a direct and proximate result of the actions of defendants DOES 6 through 10, inclusive, and each of them, plaintiff was: (1) substantially physically, mentally and emotionally injured, and suffered great physical, mental and emotional injury, distress, pain and suffering; (2) incurred medical costs, bills, and expenses; and (3) incurred other special and general damages and expenses, in an amount to be proven at trial.

42. The actions by defendants DOES 6 through 10, inclusive, and each of them, were committed maliciously and oppressively and constituted despicable conduct; sufficient for an award of punitive / exemplary damages against all defendants DOES 4 through 8, inclusive, and each of them, save defendant County of Orange, in an amount to be proven at trial.

**THIRD CAUSE OF ACTION**
**[42 U.S.C. § 1983]**
**EXCESSIVE FORCE / CRUEL & UNUSUAL PUNISHMENT UNDER EIGTH AMENDMENT & FOURTEENTH AMENDMENT TO UNITED STATES CONSTITUTION**
**[Against Defendants DOES 6 through 10, inclusive]**

43. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 42, inclusive, above, as though set forth in full herein.

9

FIRST AMENDED COMPLAINT FOR DAMAGES

44. As shown above, on September 2, 2019, plaintiff was an inmate serving a sentence pursuant to a judgment of conviction, at the Orange County Sheriff's Department Theo Lacy Jail Facility.

45. Also as shown above, plaintiff was provided a medical examination by the Jail Medical Staff after he complained of severe pain to his groin. This pain was diagnosed by the Jail Medical Staff as a severe hernia by the Orange County Jail medical staff, and, pursuant to that diagnosis, the jail staff placed plaintiff on no-work status, which excused and prohibited him from performing work for the Orange County Jail, while he was an inmate at the Jail.

46. Also as shown above, thereafter, within the Orange County Jail computer system (and the other information system(s) at the Jail) that keeps track of an inmate's physical condition and limitations while incarcerated at the jail, it was documented by the Orange County Jail medical staff[3] that plaintiff should not be required to perform work while incarcerated at the Jail, due his physical and medical limitations.

47. Also as shown above, following said examination of the plaintiff and the discovery (by the jail) of his severe hernia condition, DOES 1 through 5, inclusive, failed to provide plaintiff with a "chrono-slip" that prohibiting / excused him from working at the jail while he was an inmate in said jail; something that DOES 1 through 5, inclusive, were required to do pursuant to Orange County Jail policies, customs, usages and procedures.

48. Also as shown above, thereafter, DOES 6 through 10, inclusive, contacted the plaintiff in the jail and commanded him to perform physical labor in the kitchen of the Theo Lacy Jail Facility.

---

[3] And/or some other Jail / Sheriff's Department personnel.

10

FIRST AMENDED COMPLAINT FOR DAMAGES

49. Also as shown above, plaintiff told DOES 6 through 10, inclusive, that he had a physical limitation, a severe hernia, that prevented him from working.

50. Also as shown above, DOES 6 through 10, inclusive, forced plaintiff to perform physical labor, within the Theo Lacy Jail Facility.

51. Also as shown above, while plaintiff was working at the kitchen of the Theo Lacy Jail Facility, he became badly injured from lifting heaving objects and from otherwise performing the regular and usual tasks performed by persons working in the kitchen of the Theo Lacy Jail Facility.

52. Also as shown above, DOES 6 through 10, inclusive, knew and were aware that plaintiff had a serious hernia condition, and due to the same, that he was not able to work at the jail.

53. Also as shown above, DOES 6 through 10, inclusive, knew and were aware that by forcing plaintiff to work at the jail kitchen, that plaintiff would suffer further physical injury to and from his hernia condition.

54. Also as shown above, notwithstanding said knowledge of the likely result of DOES 4 through 7, inclusive, forcing the plaintiff to work in the jail kitchen would be further injury to, and as a result of, the plaintiff's hernia condition.

55. Also as shown above, on September 2, 2019, DOES 6 through 10, inclusive, contacted the plaintiff in the Theo Lacy Jail Facility and commanded him to perform physical labor in the kitchen of the jail.

56. Also as shown above, plaintiff told DOES 6 through 10, inclusive, that he had a physical limitation, a severe hernia, that prevented him from working.

57. Also as shown above, DOES 6 through 10, inclusive, forced plaintiff to perform physical labor, within the Theo Lacy Jail Facility.

58. Also as shown above, while plaintiff was working at the kitchen of the Theo Lacy Jail Facility, he became badly injured from lifting heaving objects and from

11

FIRST AMENDED COMPLAINT FOR DAMAGES

otherwise performing the regular and usual tasks performed by persons working in the kitchen of the Theo Lacy Jail Facility.

59. Also as shown above, Thereafter, on or about September 2, 2019, after being injured from working at the Theo Lacy Jail Facility kitchen, plaintiff complained to the jail staff and to DOES 1 through 10, inclusive, of terrible and severe pain from the injury that he suffered from working at the jail kitchen.

60. Also as shown above, plaintiff was thereafter medically examined at the Jail. That medical examination revealed that plaintiff had suffered from severe groin pain, a large bulge in the right groin, a serious inguinal hernia, and other medical injuries, problem and limitations.

61. Also as shown above, the work that the plaintiff was ordered by the Theo Lacy Jail Facility staff to perform, kitchen labor, including lifting heavy items, caused the plaintiff to suffer a severe rupture of his intestines, and thereby caused plaintiff to suffer that inguinal hernia; a severe, dangerous and very painful injury.

62. Also as shown above, plaintiff begged the jail staff, including DOES 7 through 10, inclusive, to get medical care for his severe and obvious physical injury to and as a result of his hernia.

63. Plaintiff was thereafter provided medical treatment while at the Theo Lacy Jail Facility. However, Plaintiff's injuries could not be properly treated at the Theo Lacy Jail Facility.

64. Also as shown above, plaintiff was thereafter transported to Anaheim Global Medical Center in Anaheim, California, where he was forced to undergo surgery.

65. Also as shown above, plaintiff suffered serious, severe and permanent injuries as a result of that surgery, including the loss of feeling / sensation in his penis.

12

FIRST AMENDED COMPLAINT FOR DAMAGES

66. The conduct of DOES 6 through 10, inclusive, in ordering the plaintiff to work in the jail kitchen, knowing that he was not physically able to do so, and knowing that to make plaintiff work in the jail kitchen would definitely result in plaintiff suffering severe physical and mental / emotional pain and suffering, and would likely result in greatly exacerbating plaintiff's painful hernia condition, and, therefore, constituted the infliction of cruel and unusual punishment under the Eighth Amendment to the United States Constitution.

67. In addition, conduct of DOES 6 through 10, inclusive, in ordering the plaintiff to work in the jail kitchen under such circumstances, constituted conduct shocking to the conscience; a violation of plaintiff's substantive due process rights under the Fourteenth Amendment to the United States Constitution.

68. As a direct and proximate result of the actions of defendants DOES 6 through 10, inclusive's actions, plaintiff was: (1) substantially physically, mentally and emotionally injured, and suffered great physical, mental and emotional injury, distress, pain and suffering; (2) incurred medical costs, bills and expenses and (3) incurred other special and general damages and expenses in an amount to be determined at trial.

69. The actions by defendants DOES 4 through 7, inclusive, were committed maliciously, oppressively and in reckless disregard of plaintiff's constitutional rights, sufficient for an award of punitive / exemplary damages against defendants DOES 4 through 7, inclusive, in an amount to be proven at trial.

**FOURTH CAUSE OF ACTION**
**[42 U.S.C. § 1983]**
**POLICY, CUSTOM & PRACTICE and FAILURE OF MUNICIPAL ENTITY TO PROPERLY TRAIN DEPUTIES – *MONELL*[4] LIABILITY**
**[Against Defendants 11 through 20, inclusive]**

---

[4] *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

13

70. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 69, inclusive, above, as set forth in full herein.

71. As set forth above, the Orange County Sheriff's Department had and has a longstanding custom and practice, so as to create a de facto policy at the Orange County Jails, for forcing jail inmates at the Orange County Jails to work in the kitchens of the Orange County Jails when they are physically incapable of working at the jail because they are physically ill and/or injured, resulting in those inmates suffering cruel and severe, physical injuries and physical, mental and emotional pain, suffering and distress.

72. In addition, the Orange County Sheriff's Department did not and does not properly train its deputy sheriffs to recognize the signs of serious physical injury of their jail inmates, and does not properly train its deputy sheriffs and other jail personnel not to force jail inmates to work when they are physically unable to safely do so.

73. The training policies of the Orange County Sheriff's Department were not adequate to train their deputy sheriffs and other sworn peace officer / public officer personnel to handle the usual and recurring situations with which they must deal with, to wit; for not forcing jail inmates to work at the jail when to do so will likely result in further physical injury to the inmates.

74. In addition, DOES 11 through 20, inclusive, were deliberately indifferent to the obvious consequences of their failure to train their deputy sheriffs and other sworn peace officer / public officer personnel adequately.

75. The failure of defendants County of Orange and DOES 11 through 20, inclusive, to provide such adequate training caused the deprivation of plaintiff's rights by DOES 6 through 10, inclusive; that is, said defendants' failure to train was so

14

closely related to the deprivation of plaintiff's rights as to be the moving force that caused the ultimate injury.

76. Accordingly, the failure of DOES 11 through 20, inclusive, and the County of Orange / Orange County Sheriff's Department to properly train their deputy sheriffs, was a proximate cause of the constitutional and statutory violations perpetrated against complained of above.

77. As a direct and proximate result County of Orange's / Orange County Sheriff's Department's failure to properly train their deputy sheriffs, as shown immediately above, plaintiff was (1) substantially physically, mentally and emotionally injured, and suffered great physical, mental and emotional injury, distress, pain and suffering; (2) incurred medical costs, bills, and expenses; and (3) incurred other special and general damages and expenses, in an amount to be determined at trial.

**WHEREFORE,** plaintiff prays for judgment as follows:

A. For judgment against all defendants for compensatory damages in an amount to be proven at trial;

B. For judgment against all defendants, save defendant COUNTY OF ORANGE, for punitive damages in an amount to be proven at trial;

C. For an award of reasonable attorneys' fees and costs;

D. For a trial by jury; and,

E. For such other and further relief as this Honorable Court deems just and equitable.

15

FIRST AMENDED COMPLAINT FOR DAMAGES

Dated:  December 4, 2020                Respectfully Submitted,

                                        By:  _____
                                        MICHAEL J. CEFALI
                                        Attorney for Plaintiff,
                                        JAMES SPRING

Dated:  December 4, 2020                Respectfully Submitted,

                                        By:  _____
                                        JERRY L. STEERING,
                                        Attorney for Plaintiff,
                                        JAMES SPRING

16

FIRST AMENDED COMPLAINT FOR DAMAGES

**PROOF OF SERVICE -- CCP 1013A(3)**

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the City of Irvine, County of Orange, State of California.  I am over the age of 18 years and not a party to the within action.  My business address is 3 Park Plaza, Suite 1500, Irvine, California 92614.

On November 19, 2020, I served the within document, described as: **PARTIES' JOINT STIPULATION EXTENDING TIME FOR DEFENDANT TO RESPOND TO COMPLAINT PER RULE OF COURT 3.110 (d)** on the interested parties in this action by placing ☐ the original ☐ a true copy in a separate sealed envelope addressed to the following address:

| | |
|---|---|
| Michael J. Cefali, Esq.<br>Courtney L. Cummings, Esq.<br>CEFALI & CEFALI<br>32158 Camino Capistrano, Ste. 207<br>San Juan Capistrano, CA  92675<br><br>(877) 423-3254<br>Fax (949) 203-3332<br><br>Mike@callcefali.com<br>courtney@callcefali.com | Attorneys for PLAINTIFF |

☐  **BY MAIL** – I am readily familiar with Koeller Nebeker Carlson & Haluck, LLP's practice for collection and processing of documents for mailing with the United States Postal Service.  I caused such document(s) to be placed in a sealed envelope, addressed to the person(s) on whom it is to be delivered pursuant to the attached service list with (∗) next to the name, with postage thereon fully prepaid, to be deposited with the United States mail at Irvine, California that same day in the ordinary course of business.  [CCP §1013]

☐ **BY ELECTRONIC FILING**:  I electronically filed with the Clerk of the Court a true and correct copy of the original as indicated above, and a Notice of Electronic Filing (NEF) is automatically generated by One Legal system and sent by e-mail to all attorneys in this case.

☐  **BY CERTIFIED MAIL/RETURN RECEIPT REQUESTED** – I am readily familiar with Koeller Nebeker Carlson & Haluck, LLP's practice for collection and processing of documents for mailing via certified mail with the United States Postal Service.  I caused such document(s) to be placed in a sealed envelope, addressed to the person(s) on whom it is to be delivered pursuant to the attached service list, with postage thereon fully prepaid, marked certified and return receipt requested, to be deposited with the United States mail at Irvine, California that same day in the ordinary course of business.  [CCP §11]

☐  **BY OVERNITE MAIL** – I am readily familiar with Koeller Nebeker Carlson & Haluck, LLP's practice for collection and processing of documents for mailing via overnight delivery.  I caused such document(s) to be placed in a sealed envelope designated by the overnite service carrier, addressed to the person(s) on whom it is to be served pursuant to the attached service list, and deposited said envelope in a box or other facility regularly maintained by the overnite service carrier with delivery fees paid or provided for.  [CCP §1013(c)]

3

JOINT STIPULATION EXTENDING TIME FOR DEFENDANT TO RESPOND TO COMPLAINT

004.589:410047v1

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION** – Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the persons at the e-mail addresses listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.  [CCP § 1010.6(a)(6)]

☐ **BY PERSONAL SERVICE** – I caused the document(s) described herein to be personally served at the attorney's office by leaving a true and correct copy of the documents in a sealed envelope, clearly labeled to identify the attorney being served, with the receptionist or person having charge thereof, between the hours of 9:00 a.m. and 5:00 p.m. pursuant to the attached service list.  [CCP §1011(a)]

☐ **BY FACSIMILE** – I caused the document(s) described herein to be transmitted from facsimile number 949-864-9000 to the facsimile number(s) for each party indicated on the attached service list.  [CCP §1013(e)]

**STATE** – I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 19, 2020 at Irvine, California.

_/s/ Connie B. Reinglass_
Connie B. Reinglass

004.589:410047v1

4

JOINT STIPULATION EXTENDING TIME FOR DEFENDANT TO RESPOND TO COMPLAINT

## PROOF OF SERVICE

I am employed in the City of Irvine, County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is 3 Park Plaza, Suite 1500, Irvine, California 92614.

On December 30, 2020, I served the within document, described as: **NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1367, 1441 AND 1446** on the interested parties in this action by placing ☐ the original ☒ a true copy in a separate sealed envelope addressed to the following address:

| | |
|---|---|
| Michael J. Cefali, Esq.<br>Courtney L. Cummings, Esq.<br>CEFALI & CEFALI<br>32158 Camino Capistrano, Ste. 207<br>San Juan Capistrano, CA  92675<br><br>(877) 423-3254<br>Fax (949) 203-3332<br><br>Mike@callcefali.com<br>courtney@callcefali.com<br><br>Jerry L. Steering, Esq.<br>LAW OFFICES OF JERRY STEERING<br>4063 Birch Street, Ste. 100<br>Newport Beach, CA  92660<br><br>(949) 474-1849<br>Fax (949) 474-1883<br><br>JerrySteering@yahoo.com | Attorneys for PLAINTIFF |

☒ **BY MAIL** – I am readily familiar with Koeller Nebeker Carlson & Haluck, LLP's practice for collection and processing of documents for mailing with the United States Postal Service. I caused such document(s) to be placed in a sealed envelope, addressed to the person(s) on whom it is to be delivered pursuant to the attached service list with (∗) next to the name, with postage thereon fully prepaid, to be deposited with the United States mail at Irvine, California that same day in the ordinary course of business.  [CCP §1013]

☐ **BY ELECTRONIC FILING**:  I electronically filed with the Clerk of the Court a true and correct copy of the original as indicated above, and a Notice of Electronic Filing (NEF) is automatically generated by One Legal system and sent by e-mail to all attorneys in this case.

☐ **BY CERTIFIED MAIL/RETURN RECEIPT REQUESTED** – I am readily familiar with Koeller Nebeker Carlson & Haluck, LLP's practice for

5

NOTICE OF REMOVAL

004.589:412221v1

collection and processing of documents for mailing via certified mail with the United States Postal Service. I caused such document(s) to be placed in a sealed envelope, addressed to the person(s) on whom it is to be delivered pursuant to the attached service list, with postage thereon fully prepaid, marked certified and return receipt requested, to be deposited with the United States mail at Irvine, California that same day in the ordinary course of business. [CCP §11]

☐ **BY OVERNITE MAIL** – I am readily familiar with Koeller Nebeker Carlson & Haluck, LLP's practice for collection and processing of documents for mailing via overnight delivery. I caused such document(s) to be placed in a sealed envelope designated by the overnite service carrier, addressed to the person(s) on whom it is to be served pursuant to the attached service list, and deposited said envelope in a box or other facility regularly maintained by the overnite service carrier with delivery fees paid or provided for. [CCP §1013(c)]

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION** – Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. [CCP § 1010.6(a)(6)]

☐ **BY PERSONAL SERVICE** – I caused the document(s) described herein to be personally served at the attorney's office by leaving a true and correct copy of the documents in a sealed envelope, clearly labeled to identify the attorney being served, with the receptionist or person having charge thereof, between the hours of 9:00 a.m. and 5:00 p.m. pursuant to the attached service list. [CCP §1011(a)]

☐ **BY FACSIMILE** – I caused the document(s) described herein to be transmitted from facsimile number 949-864-9000 to the facsimile number(s) for each party indicated on the attached service list. [CCP §1013(e)]

**STATE –** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 30, 2020 at Irvine, California.

*/s/ Connie B. Reinglass*
Connie B. Reinglass

6

NOTICE OF REMOVAL

004.589:412221v1